UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

────────────────────────────────────────── X

THE NEW YORK TIMES COMPANY
and ALEXA MILLS,                                          :

                    Plaintiffs,            :

                              **COMPLAINT**

                v.                           :

FEDERAL BUREAU OF INVESTIGATION,
                               :
                    Defendant.

────────────────────────────────────────── X

Plaintiffs THE NEW YORK TIMES COMPANY and ALEXA MILLS, by and through their undersigned attorneys, allege as follows:

1.    This is an action under the Freedom of Information Act, 5 U.S.C. § 552 *et seq.* ("FOIA"), to obtain an order for the production of agency records from the Federal Bureau of Investigation ("FBI") in response to a request properly made by Plaintiffs (jointly, "The Times").

## PARTIES

2.    Plaintiff The New York Times Company publishes *The New York Times* newspaper and www.nytimes.com. The Times is headquartered in this judicial district at 620 Eighth Avenue, New York, New York, 10018.

3.    Plaintiff Alexa Mills is a senior editor at The New York Times Company.

## JURISDICTION AND VENUE

4.    This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 5 U.S.C. § 552(a)(4)(B).

5.    Venue is premised on the place of business of Plaintiffs and is proper in this district under 5 U.S.C. § 552(a)(4)(B).

6. Plaintiffs have exhausted all administrative remedies available pursuant to 5 U.S.C. § 704.

## FACTS

7. Through various FOIA requests filed by Ms. Mills and her colleagues between 2015–2021, Ms. Mills received the FBI's approximately 130-page investigation into the murder of Pvt. Felix Hall. Portions of the production were redacted pursuant to Exemptions 6 and 7(C).

8. This investigation is the FBI's only known investigation into the death of Felix Hall, a 19-year-old Black man who was lynched by soldiers in Fort Benning, Georgia.

9. Hall's death—and the FBI's inconclusive investigation—were among the events that convinced President Truman to form the Civil Rights Commission and fully integrate the U.S. Armed Forces. *See* Jeremy Redmon, *Fort Benning Memorializing Black Soldier Who Was Lynched There in 1941*, Atlanta J.-Const. (July 30, 2021), https://www.ajc.com/news/fort-benning-memorializing-black-soldier-who-was-lynched-there-in-1941/J2UWZKZUVRGAHFQ4IZAKYVDWOE.

10. The public has remained interested in Hall's death and unsatisfied by the FBI's subsequent investigation. In August 2021, over 80 years after Hall's death, the U.S. Army enacted a memorial in Fort Benning to honor Hall's life and service. *See* Amanda Surmeier, *Fort Benning Honors Pvt. Felix Hall with Historical Marker*, U.S. Army (Aug. 3, 2021), https://www.army.mil/article/249077.

11. At the ceremony, Lt. Gen. Theodore Matin lamented that the memorial did not "[feel] like we [are] righting a wrong," and Georgia Representative Sanford Bishop described Hall's death as a "wound [that] has been open for far too long." Christine Fernando, *Army Unveils Memorial for Black Soldier Lynched at Georgia Military Base 80 Years Ago*, USA

Today (Aug. 4, 2021), https://www.usatoday.com/story/news/nation/2021/08/04/us-army-memorial-fort-benning-lynched-black-soldier/5482634001.

12. On August 2, 2021, The Times submitted a FOIA request ("the Request") to the FBI, asking the FBI to "review the current redactions in its approx[imately] 130-page investigation into the murder of Pvt. Felix Hall, who died at Fort Benning, Georgia of 1941."

13. On August 5, 2021, the FBI issued a final response, informing The Times that "the records [it] requested do not qualify for reprocessing."

14. On September 23, 2021, The Times appealed the FBI's determination to the Department of Justice's Office of Information Policy, arguing that Exemptions 6 and 7(C) do not justify the FBI's redactions.

15. On January 5, 2022, the Office of Information Policy denied The Times's appeal and affirmed the FBI's redactions pursuant to Exemptions 6 and 7(C).

## CAUSE OF ACTION

16. Plaintiffs repeat, reallege, and reincorporate the allegations in the foregoing paragraphs as though fully set forth herein.

17. Defendant is an agency subject to FOIA and must therefore release, in response to a FOIA request, any disclosable records in its possession at the time of the request and provide a lawful reason for withholding any other materials as to which it is claiming an exemption.

18. The FBI has denied Plaintiffs' administrative appeal. Accordingly, Plaintiffs are deemed to have exhausted their administrative remedies pursuant to 5 U.S.C. § 704.

19. Neither Exemption 6 nor Exemption 7(C) is applicable to the facts herein, and the FBI must disclose the redacted portions of the investigation.

20. To the extent that any portion of the record is properly redacted, FOIA mandates the disclosure of any and all non-exempt material that can be properly segregated from the exempt material. 5 U.S.C. § 552(a)(8)(A)(ii).

21. Accordingly, Plaintiffs are entitled to an order compelling Defendant to unredact all portions of the records responsive to The Times's FOIA request.

### REQUEST FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court:

22. Declare that the documents sought by the Request, as described in the foregoing paragraphs, are public under 5 U.S.C. § 552 and must be disclosed;

23. Order Defendant to provide the unredacted requested documents to Plaintiffs within 20 business days of the Court's order;

24. Award Plaintiffs the costs of this proceeding, including reasonable attorneys' fees, as expressly permitted by FOIA; and

25. Grant Plaintiffs such other and further relief as this Court deems just and proper.

Dated: New York, New York
January 31, 2022

/s/ David E. McCraw
David E. McCraw
Legal Department
The New York Times Company
620 8th Avenue
New York, NY 10018
Phone: (212) 556-4031
Fax: (212) 556-4634
E-mail: mccraw@nytimes.com

*Counsel for Plaintiffs*